UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20624-CR-BLOOM
MAGISTRATE JUDGE
LOUIS

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)

FILED BY _____ D.C.
SEP 24 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

JUANA MIRTA QUINTERO and
YUDEL GONZALEZ,

                           **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.    All Services 24/7 Inc. was a Florida corporation that purported to do business at 10020 SW 33rd Street, Miami, Florida.

2.    Defendant **YUDEL GONZALEZ**, a resident of Miami-Dade County, was the incorporator, director, and registered agent of All Services 24/7 Inc.

3.    Defendant **JUANA MIRTA QUINTERO** was a resident of Miami-Dade County. **QUINTERO** is the mother of **YUDEL GONZALEZ**.

4.    Golden Home Health Care, Inc. was a Florida corporation that did business as a home health agency in Miami-Dade County, Florida. Golden Home Health Care, Inc. was issued a

provider number by Medicare, allowing it to submit claims for home health services to Medicare for reimbursement.

## COUNT 1
## Conspiracy to Commit Money Laundering
## (18 U.S.C. § 1956(h))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From at least as early as in or around April 2013, and continuing through in or around January 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JUANA MIRTA QUINTERO and**
**YUDEL GONZALEZ,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

3. It is further alleged that the specified unlawful activity is conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349; health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to pay and receive health care kickbacks, in violation of Title

18, United States Code, Section 371.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2-10
## Money Laundering
## (18 U.S.C. 1956(a)(1)(B)(i))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JUANA MIRTA QUINTERO and**
**YUDEL GONZALEZ,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as set forth below:

| Count | Approximate Date of Transaction | Approximate Amount | Financial Transaction |
|---|---|---|---|
| 2 | 10/06/2014 | $7,530 | Negotiation of check no. 1277, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 3 | 11/10/2014 | $8,240 | Negotiation of check no. 1469, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |

3

| Count | Approximate Date of Transaction | Approximate Amount | Financial Transaction |
|---|---|---|---|
| 4 | 11/17/2014 | $8,190 | Negotiation of check no. 1539, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 5 | 11/24/2014 | $7,950 | Negotiation of check no. 1564, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 6 | 12/01/2014 | $8,075 | Negotiation of check no. 1671, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 7 | 12/08/2014 | $8,170 | Negotiation of check no. 1613, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 8 | 12/15/2014 | $7,890 | Negotiation of check no. 1705, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 9 | 12/29/2014 | $8,160 | Negotiation of check no. 1878, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |
| 10 | 01/12/2015 | $8,210 | Negotiation of check no. 2005, drawn on Golden Home Health Care, Inc.'s bank account ending in 0569 and made payable to All Services 24/7 Inc. |

3.  It is further alleged that the specified unlawful activity is conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349; health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to pay and receive health care kickbacks, in violation of Title

18, United States Code, Section 371.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(1))

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which any of the defendants have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. The property subject to forfeiture includes, but is not limited to, a sum of approximately $1,347,388 in United States currency, which represents the total amount of funds involved in the violations of Title 18, United States Code, Section 1956 alleged in this Indictment and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of a defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA


ALLAN MEDINA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JUANA MIRTA QUINTERO and
YUDEL GONZALEZ,

Defendants.

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New defendant(s)          Yes ___  No ___
Number of new defendants  ___
Total number of counts    ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take  2-3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days       ✓
   - II   6 to 10 days      ___
   - III  11 to 20 days     ___
   - IV   21 to 60 days     ___
   - V    61 days and over  ___

   (Check only one)
   - Petty    ___
   - Minor    ___
   - Misdem.  ___
   - Felony   ✓

6. Has this case previously been filed in this District Court?    (Yes or No)    No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ___    No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ___    No ✓

ALEXANDER P. GOZELSKI
DOJ TRIAL ATTORNEY
COURT ID NO. A552549

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**     JUANA MIRTA QUINTERO

**Case No:** _____

Count #:  1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max Penalty:** Twenty (20) years' imprisonment

Counts #:  2 – 10

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Max Penalty:** Twenty (20) years' imprisonment as to each count

Count #:

**\*Max Penalty:**

Count #:

**\*Max Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** YUDEL GONZALEZ

**Case No:** _____

Count #:  1

  Conspiracy to Commit Money Laundering

  Title 18, United States Code, Section 1956(h)

**\*Max Penalty**:   Twenty (20) years' imprisonment

Counts #:   2 – 10

  Money Laundering

  Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Max Penalty**:   Twenty (20) years' imprisonment as to each count

Count #:

_____

_____

**\*Max Penalty:**

Count #:

_____

_____

**\*Max Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**