UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  19-20624-CR-SINGHAL

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUANA MIRTA QUINTERO,

      Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Ms. Juana Quintero, by and through undersigned counsel, respectfully files the following objections to the Presentence Investigation Report ("PSI"), ECF No. 44.

## OFFENSE CONDUCT & ROLE ASSESSMENT, ¶¶ 7-21

Ms. Quintero objects to certain factual assertions in paragraphs 7-21. Specifically, Ms. Quintero objects to the following:

- "Y. Gonzalez and **Quintero** then returned the remaining fraud proceeds in cash to M. Gonzalez, Alfaro and Marquez at Golden, Homestead, and MA for their own use and to further the fraud," PSI ¶ 9 (emphasis in original);

- "Information provided by the government reflected Y. Gonzalez and **Quintero** recruited at least 12 unindicted co-conspirators to participate in the fraudulent scheme," PSI ¶ 11 (emphasis in original);

- All factual recitations in paragraphs 13-21.

None of these facts have been established by a preponderance of the evidence.  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009); *see also United States v.*

*Hamidullah*, 768 Fed. App'x 914, 918 (11th Cir. 2019) (explaining that after an objection, the burden shifts to the Government to prove the disputed facts by a preponderance of the evidence).    Further, Ms. Quintero respectfully disputes the veracity of all statements allegedly made by cooperating and unindicted coconspirators and requests they be stricken from the PSI.[1] *See, e.g.*, *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995) ("It is the district court's duty to ensure the Government carries this burden by presenting reliable and specific evidence.").

## ADJUSTMENT FOR ROLE IN OFFENSE, ¶ 30

Applying Section 3B1.1(b), the PSI applies a three-level increase to Ms. Quintero's offense level for being a supervisor or manager.  PSI ¶ 30.  The PSI asserts that this enhancement applies because Ms. Quintero was a supervisor or manager and the offense involved five or more participants or was otherwise extensive.  PSI ¶ 30.

According to the Sentencing Guidelines, to distinguish between a leadership and organization role from one of "mere management or supervision," the court should consider the following factors: the exercise of decision making authority; the degree of participation in planning or organizing the offense; the claimed right to a larger share of the fruits of the crime; the degree of control and authority exercised over others; the recruitment of accomplices; the nature and scope of the illegal

---

[1] Moreover, Ms. Quintero respectfully objects to factual and legal assertions in paragraphs 19-21 about other alleged coconspirators' cases as she lacks personal knowledge about their cases.

2

activity; and the nature of participation in the commission of the offense.  United States Sentencing Commission, Guidelines Manual, § 3B1.1(b) comment (n.4) (Nov. 2018).  A review of these factors demonstrates this enhancement should not apply.

**Ms. Quintero did not exercise decision-making, planning or organizing authority**. The government cannot show Ms. Quintero exercised decision-making, planning or organizing authority.  U.S.S.C. § 3B1.1(b) comment (n.4).  The undisputed facts show Ms. Quintero cashed check and recruited others to do the same. *See, e.g.*, ECF No. 35 (factual proffer).  Even taking as true the factual assertions in the PSI, which Ms. Quintero disputes, *supra* Objections to Offense Conduct & Role Adjustment, the government cannot show Ms. Quintero exercised decision-making, planning or organizing authority.  U.S.S.C. § 3B1.1(b) comment (n.4); *see, e.g.* PSI ¶¶13-14 (describing Ms. Quintero's role as cashing checks and recruiting others to do the same).  Thus, these two factors do not support application of the three-level enhancement for manager or supervisor.

**Ms. Quintero did not receive a larger portion of the profits**.  This factor does not support application of this enhancement either.  Ms. Quintero received the same payment as others for cashing checks and recruiting others.   PSI ¶ 13 (describing fee for cashing checks); PSI ¶ 17 (describing fee for recruiting patients).

**Ms. Quintero did not exercise control or authority over others**.  Here too, there are no facts—let alone established by a preponderance of the evidence—

that show Ms. Quintero exercised control or authority over others.  This factor does not support application of this enhancement either.

**Ms. Quintero's involvement in this $22 million dollar fraud scheme was cashing checks and recruiting others to do the same**.  The remaining factors are the nature and scope of the criminal activity, "the nature of participation in the commission of the offense," and "the recruitment of accomplices."  U.S.S.C § 3B1.1(b) comment (n.4).  According to the government, this was a large-scale healthcare fraud scheme, amounting to losses of nearly $23 million.  PSI ¶ 19.  Indeed, it was.  In this expansive scheme, however, Ms. Quintero's involvement was limited to recruiting others to cash checks.  *See, e.g.*, PSI ¶¶13-14; ECF No. 35 (describing Ms. Quintero's recruitment).  That's it.

Unlike other participants, Ms. Quintero did not:

- establish shell companies in an attempt to hide her criminal conduct, ECF No. 39 (Yudel Gonzalez Factual Proffer) (explaining Mr. Gonzalez solely established the shell companies),

- establish multiple fraudulent staffing companies to conceal criminal conduct to launder hundreds of thousands of dollars of ill-gotten gains, *United States v. Luis Lazardo*, Case No. 16-cr-20461-JEM, Dkt. No. 163 (S.D. Fla. Oct. 25, 2016) (stipulated factual proffer);

- open bank accounts through which to launder hundreds of thousands of dollars, *United States v. Luis Lazardo*, Case No. 16-cr-20461-JEM, Dkt. No. 163 (S.D. Fla. Oct. 25, 2016) (stipulated factual proffer);

- recruit "approximately 100" patients to participate in this scheme, *United States v. Adriana Jalil*, Case No. 16-cr-20461-JEM, Dkt. No. 153 (S.D. Fla. Oct. 13, 2016) (stipulated factual proffer); or

- act as a manager of one of the fraudulent home healthcare businesses, charged with tracking the numbers of patients recruited and paying bribes and kickbacks, *United States v. Linda Marquez*, Case No. 16-cr-20445-JEM, Dkt. No. 18 (S.D. Fla. Sept. 1, 2016) (stipulated factual proffer).

For these reasons, the only factor supporting application of this enhancement is recruitment of accomplices.  This is insufficient to withstand Ms. Quintero's objection.

## GUIDELINE CALCULATION

If the Court grants the objections herein, Ms. Quintero's adjusted offense level would be 23 instead of 26, PSI ¶¶ 30, 36.

WHEREFORE, for the reasons stated herein and for any other reasons that may arise during the sentencing hearing in this cause, Ms. Quintero respectfully requests that this Court grant her PSI objections.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: /s/ Kirsten R. Nelson

Kirsten R. Nelson
Assistant Federal Public Defender
Florida Special A No.: A5502543
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: kirsten_nelson@fd.org

6

## CERTIFICATE OF SERVICE

    I HEREBY certify that on **March 27, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Kirsten R. Nelson
Kirsten R. Nelson
